MERLE ONO, Claimant-Appellee, *v.* HAWAIIAN TELEPHONE
COMPANY, Employer-Appellant, and FIRST INSURANCE
COMPANY OF HAWAII, LTD., Insurance Carrier-Appellant

NO 10750

(CASE NO. AB 84-437; 2-82-18969)

MAY 15, 1986

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, JJ., AND INTERMEDIATE
COURT OF APPEALS ASSOCIATE JUDGE HEEN IN PLACE OF
NAKAMURA. J., RECUSED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order holding compensable an injury to the
claimant which occurred when she tripped over a median in the sidewalk
in the Mililani Shopping Center, some 200 feet from her employer's
Phone Mart where she was employed. At the time, she was on her lunch
break and was returning to the Phone Mart with soft drinks to put them
in the refrigerator there prior to having lunch. The employer, as a lessee
in the shopping center, was required to and did make contributions to
the funds for the maintenance of the common areas of which the side-
walk in question was one.

There appears to be a split of authority in other jurisdictions as to
whether those areas in a shopping center to which a particular employer
having a shop in the center makes maintenance contributions are part of
the employer's "premises" for purposes of a workers' compensation
statute. In this case, LIRAB, by the wording of its decision and order,
appears to have adopted a *per se* rule, that such areas are the employer's
premises and that an accident occurring thereon to an employee going to
or from the employer's shop during a lunch break is compensable.

We are unwilling to adopt such a *per se* rule either way. It seems to us that the fact that the employer makes a contribution toward the maintenance of areas commonly used by all customers in a shopping center is only one factor to be considered in determining compensability in any particular case. Accordingly, the order below is reversed and the case is remanded for further proceedings consistent herewith.

*Stanford J. Manuia* (*Foster Thorbjornsen* with him on the brief; *Woo, Kessner & Duca* of counsel) for appellants.

*Herbert R. Takahashi* for appellee.